IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LORI HOPKINS, individually and on behalf of others similarly situated, | )<br>)<br>) |
| v. | )<br>) Case No. _____<br>)<br>) JURY TRIAL DEMANDED |
| AEROCARE HOME MEDICAL EQUIPMENT, INC., | )<br>)<br>) |
| and | )<br>) |
| AEROCARE HOLDINGS, INC., | )<br>) |
| and | )<br>) |
| AEROCARE EMPLOYEE BENEFITS, INC., | )<br>)<br>) |
| Defendants. | ) |

# **COMPLAINT**

Comes now Plaintiff, Lori Hopkins ("Hopkins"), individually and on behalf of all others similarly situated, by and through counsel, and for her Complaint against Defendants AeroCare Home Medical Equipment, Inc., AeroCare Holdings, Inc. and AeroCare Employee Benefits, Inc. (collectively, "AeroCare"), states and alleges as follows:

Nature of the Case

1. Defendants employ customer service representatives ("CSRs") to coordinate the fulfillment of orders for home-based medical equipment by doing such things as making arrangements with patients, their medical providers, and health insurers when medical equipment is needed at a patient's home.

2. At all relevant times, CSRs performed their work for Defendants by using the telephone and by being "on-line," requiring that they have access to the internet.

3. At all relevant times, CSRs generally worked forty (40) hours of their work week in their respective AeroCare office during "regular business hours" (for the purposes of this Complaint, "regular business hours" are Monday through Friday, from 8:00 a.m. to 5:00 p.m.). In addition, Defendants required its CSRs to work "on call" at various times outside of normal business hours and/or on the weekends.

4. During "on call" times, the CSRs received work related telephone calls so frequently, and were subject to substantial restrictions in order to perform their "on call" work (such as needing to have a computer or tablet with internet access available), that they could not use "on call" time effectively for their own personal pursuits.

5. The CSRs were not allowed to clock-in for "on call" time compensation, but rather were paid a fixed amount of between $100.00 and $200.00 for "on call" time in a given work week.

6. This "on call" scheme resulted in CSRs working substantially more than forty (40) hours per week for the weeks they were "on call," without receiving proper wages for that time.

<u>Parties, Jurisdiction and Venue</u>

7. Plaintiff Lori Hopkins is currently a resident of Randolph County, Missouri. She was employed by Defendants from approximately March, 2017, to February 8, 2018, as a CSR in, and received assignments from, Defendants' Jefferson City, Missouri office located in Cole County, Missouri. At all times during her employment with Defendants, Plaintiff Hopkins was a resident of Cole County, Missouri. Plaintiff Hopkins consents to be a party to this action,

including its FLSA claims. Her consent is attached as Exhibit 1 and is incorporated herein by this reference.

8. Defendant AeroCare Home Medical Equipment, Inc. is a Missouri corporation, organized and operating under the laws of the State of Missouri.

9. Defendant AeroCare Holdings, Inc. is a Florida corporation, organized and operating under the laws of the State of Florida, doing business, but not registered as a foreign corporation, in the State of Missouri.

10. Defendant AeroCare Employee Benefits, Inc. is a Florida corporation, organized and operating under the laws of the State of Florida, doing business, but not registered as a foreign corporation, in the State of Missouri.

11. This Court has jurisdiction over the claims stated herein under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §1331.

12. Venue is proper in this district and division in that Defendants conduct business activities in this district, in that a substantial amount of the conduct giving rise to the claims asserted by Plaintiff occurred in this district and in that the claim for relief arose in this division.

General Allegations

13. Defendants are in a joint enterprise engaged in commerce.

14. Under the FLSA, employers are required to pay their employees at least minimum wage for all hours worked. 29 U.S.C. §206(a).

15. Under the FLSA, employers are required to pay employees a rate of pay of at least one and one-half times the regular rate at which they are employed for any hours worked over forty (40) in a work week. 29 U.S.C. §207(a).

16. Under the FLSA, certain categories of employees are exempt from the overtime payment obligations set forth in 29 U.S.C. §207(a), but none of the exemptions apply to Defendants' CSRs, specifically, Plaintiff and those similarly situated. 29 U.S.C. §213. Accordingly, under the law, Plaintiff and those similarly situated should have been paid proper overtime wages in accordance with 29 U.S.C. §207.

17. Under the FLSA, employers are required to pay their employees a minimum wage and proper overtime (if applicable) for all "on call" time where the conditions placed on such time are so restrictive that the employee cannot use the time effectively for their own personal pursuits. 29 C.F.R. § 553.221(d).

18. Even where "on call" time does not preclude an employee from using such time for personal pursuits, their employer must still pay at least minimum wage and overtime (if applicable) for the time the employee spent performing tasks for the employer while "on call."

19. Defendants required Plaintiff and other similarly situated CSRs to work forty (40) hours a week at their respective AeroCare office location.

20. In addition to the regular forty (40) hour work week, Plaintiff and other CSRs were frequently and regularly required to be "on call" outside of regular business hours to receive work-related telephone calls, and to then perform tasks to coordinate Defendants' services discussed above.

21. Plaintiff and CSRs were required to provide "on call" services such that service was available at all times outside of regular business hours. As a result, Defendants' CSRs combined to work 123 hours of "on call" time each week.

22. Plaintiff and other CSRs were paid wages of between $12.00 and $14.00 per hour for their regular forty (40) hour work week, dependent upon their length of service.

23. CSRs "on call" time was grouped into two "on call" time periods: 1) during the regular work week, such that the respective CSR was "on call" every night from Monday through Thursday, where "on call" time began each weekday evening (Monday through Thursday) at 5:00 p.m., lasted through the night, until 8:00 a.m. the next morning – ending on Friday morning at 8:00 a.m.; and 2) during the weekend, such that CSR "on call" time began Friday evening at 5:00 p.m. and continued until Monday morning at 8:00 a.m.

24. Upon information and belief, Plaintiff and other CSRs were paid a fixed amount of between $100.00 and $200.00 for the entire "on call" time period that they happened to work, be it during the regular work week or on the weekend. They were not allowed to clock-in to Defendants' time system and received no hourly wage for the "on call" time or the work they performed for Defendants outside of regular business hours.

25. While "on call," Plaintiff and the other CSRs were required to always have a company issued cell phone and a computer or tablet with internet access with them.

26. When receiving a call while "on call," Plaintiff and the other CSRs were required to instantly stop whatever personal activity they may have been doing to take immediate action to service the call -which included such things as taking the time to receive the call, gathering information from the caller, accessing the internet, logging into databases, entering data, finding information as needed and placing additional calls to other individuals and entities.

27. As such, the conditions and restrictions placed upon Plaintiff and other CSRs while they were "on call," especially considering the significant volume of calls they received and were required to place, precluded Plaintiff and other CSRs from effectively using "on call" time for their personal pursuits, such as going to the grocery store, attending family events, achieving uninterrupted sleep, and other similar activities typically pursued on personal time.

28. Despite these conditions and restrictions on their personal time while "on call," Defendants refused to pay Plaintiff and other CSRs a wage for their "on call" time.

29. Defendants also refused to pay Plaintiff and other CSRs for the actual time spent on business activities while "on call."

30. Defendants' failure to pay Plaintiff and the other CSRs properly-earned wages for time worked was a deliberate violation of the FLSA.

31. Defendants refused and failed to accurately record all time worked by Plaintiff and other CSRs. Defendants did not allow Plaintiff and other CSRs to clock-in to Defendants' time system to record "on call" time.

32. As such, Defendants, through practices, policies, and procedures willfully failed to keep accurate time records for the work performed by Plaintiff and other CSRs, willfully failed to pay proper minimum wage for all hours worked, and willfully failed to pay proper overtime wages for all hours worked.

Collective Action Allegations

33. Plaintiff brings her FLSA claims as an "opt in" collective action pursuant to 29 U.S.C. §216(b).

34. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis for Defendants' failure to pay proper wages, including proper minimum wages and/or overtime wages, for hours worked.

35. The class of employees for which Plaintiff brings this collective action are all of the CSRs who worked for Defendants, or any subsidiary or related company, during the three (3) years preceding the filing of this Complaint who were not paid minimum wage and/or proper overtime wage for all time worked (the "Class").

36. The Class is similarly situated because the class members have been or are employed in the same or similar position by Defendants as Plaintiff, conducted similar duties, and were subject to the same or similar unlawful practices as Plaintiff while working for the benefit of Defendants or their subsidiary/related companies.

37. Plaintiff's claims are typical of the claims of the other similarly situated CSRs.

38. Plaintiff will fairly and adequately represent and protect the interests of the Class to the extent necessary in an FLSA collective action. Plaintiff has no interest adverse to the Class and has retained competent counsel experienced in FLSA collective actions and class action litigation.

39. The number and identity of the Class members may be determined from the records of Defendants, and the potential Class members may be easily and quickly notified of the pendency of this action and the right to opt-in and consent to be a party to the case.

40. Common questions of law and fact exist as to the Class which predominate over any individual questions, to the extent required in an FLSA collective action. Such common questions include:

    a. Whether Defendants failed to properly pay the Class for all hours worked in violation of the FLSA;

    b. Whether Defendants failed to keep proper records for all hours worked by the Class;

    c. Whether the Class is entitled to damages, including but not limited to actual and liquidated damages, and the proper measure of such damages; and

    d. Whether Defendants are liable for Plaintiff's and the Class' attorneys' fees and costs.

## Count I – Failure to Pay Minimum Wage

41. Plaintiff and the Class incorporate the allegations contained in paragraphs 1 through 40 as though fully set forth herein.

42. At all relevant times, Plaintiff and the Class are and were entitled to the rights, protections and benefits provided under the FLSA, including but not limited to the minimum wage protections under 29 U.S.C. §206 whereby they are entitled to be paid at least minimum wage for all hours worked.

43. Defendants were and are subject to the minimum wage requirements of the FLSA because they are and were a part of a joint enterprise engaged in commerce and their employees are engaged in commerce.

44. Defendants willfully violated the FLSA by failing to pay Plaintiff and the Class proper minimum wage for all hours worked in that they failed to pay proper wages for "on call" time.

45. Upon information and belief, Defendants' policy and practice of not paying Plaintiff and the Class for "on call" time was uniform and company-wide, applying to all CSRs.

46. Plaintiff and the Class are entitled to damages equal to the amount of the proper minimum wage mandated by the FLSA for all otherwise un-paid and/or underpaid hours worked within the three (3) years prior to the date this Complaint was filed.

47. Defendants did not and have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA.

48. Plaintiff and the Class are entitled to recover unpaid and/or underpaid wages, an award of liquidated damages in an amount equal to the amount of proper minimum wages due, their costs and reasonable attorneys' fees pursuant to 29 U.S.C. §216(b).

## Count II – Failure to Pay Overtime

49. Plaintiff and the Class incorporate the allegations contained in paragraphs 1 through 40 as though fully set forth herein.

50. At all relevant times, Plaintiff and the Class are and were entitled to the rights, protections and benefits provided under the FLSA, including but not limited to the overtime wage protections under 29 U.S.C. §207 whereby they are entitled to be paid at least one and one half times their regular hourly wage for all hours worked in excess of forty (40) hours during a given work week.

51. Defendants were and are subject to the overtime requirements of the FLSA because they are and were a part of a joint enterprise engaged in commerce and their employees are engaged in commerce.

52. Defendants willfully violated the FLSA by failing to pay Plaintiff and the Class overtime for all of their hours worked over forty (40) hours during a work week, often resulting from their failure to pay a wage for "on call" time.

53. Upon information and belief, Defendants' practice/policy to not pay Plaintiff and the Class proper overtime wage was uniform and company-wide, applying to all CSRs.

54. Plaintiff and the Class are entitled to damages equal to the amount of the overtime wage mandated by the FLSA for all "overtime" hours worked within the three (3) years prior to the date this Complaint was filed.

55. Defendants did not and have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA.

56. Plaintiff and the Class are entitled to recover unpaid and/or underpaid wages, an award of liquidated damages in an amount equal to the amount of unpaid overtime wage due, their costs and reasonable attorneys' fees pursuant to 29 U.S.C. §216(b).

<u>Jury Demand</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. Designation of this action as a collective action and prompt issuance of notice pursuant to the FLSA apprising the Class of the pendency of this action and permitting them to join this action and assert their claims by filing their consents to join action as allowed by the FLSA;

B. A Judgment against Defendants awarding compensatory damages for failure to pay at least proper minimum wage for all hours worked on Count I of the Complaint;

C. A Judgment against Defendants awarding compensatory damages for failure to pay proper overtime wage for all hours worked over forty (40) hours in a work week on Count II of the Complaint;

D. A Judgment against Defendants awarding liquidated damages pursuant to 29 U.S.C. §216(b) on Counts I and II;

E. A Judgment against Defendants awarding costs and expenses of this action, together with reasonable attorneys' fees; and

F. Such other and further relief as the Court deems just and proper under the circumstances

Respectfully submitted,

/s/ Matthew A. Clement
Matthew A. Clement   #43833
Kari A. Schulte          #57739
COOK, VETTER, DOERHOFF
  & LANDWEHR, P.C.
231 Madison
Jefferson City, MO  65101
(573) 635-7977
(573) 635-7414 – facsimile
mclement@cvdl.net
kschulte@cvdl.net

and

Ryan J. McDaniels     #63072
Kimberly J.Z. Guthrie #68147
NEWMAN, COMLEY & RUTH P.C.
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO  65102
Telephone:  (573) 634-2266
FAX:  (573) 636-3306
ryan.m@ncrpc.com
guthriek@ncrpc.com

*Attorneys for Plaintiff*