**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| LORI HOPKINS, individually and<br>on behalf of others similarly situated, | ) ) ) | |
| v. | ) ) | Case No. 2:19-cv-04054 |
| AEROCARE HOME MEDICAL<br>EQUIPMENT, INC., | ) ) ) | JURY TRIAL DEMANDED |
| and | ) ) | |
| AEROCARE HOLDINGS, INC., | ) ) | |
| and | ) ) | |
| AEROCARE EMPLOYEE<br>BENEFITS, INC., | ) ) ) | |
| Defendants. | ) | |

**JOINT PROPOSED SCHEDULING ORDER / DISCOVERY PLAN**

Pursuant to this Court's Order and Rules 16(b) and 26(f) of the Federal Rules of Civil

procedure, the parties have conferred and propose the following scheduling order for adoption by

the Court:

**A.** _**PRE-DISCOVERY DISCLOSURE**_:  The Parties held their Rule 26(f) conference

on **April 24, 2019**.  Disclosures required by Federal Rule of Civil Procedure 26(a)(1) shall be

exchanged on or before **May 10, 2019.**

**B.** _**PLEADINGS**_:

1.     Any motion to join additional parties will be filed on or before **July 25, 2019**.

2.     Any motion to amend the pleadings will be filed on or before **July 25, 2019**.

C.    ***DISCOVERY – COLLECTIVE ACTION***:

1.    All non-expert discovery associated with certification of the collective action will be completed on or before **October 23, 2019**.

2.    Certification expert designations and depositions will be as follows:

a.    On or before **July 25, 2019**, Plaintiff will designate any expert witnesses and produce their report(s).

b.    On or before **August 26, 2019**, the Defendants will designate any expert witnesses and produce their report(s).

3.    On or before **September 23, 2019**, all depositions of expert witnesses will be completed.

4.    Any motion to exclude certification experts under *Daubert* is due on or before **October 18, 2019**.

D.    ***MOTION FOR CERTIFICATION***.

1.    Plaintiff shall file any motion for collective action certification on or before **November 23, 2019,** and the suggestions in support of that motion may exceed 15 pages without further leave of Court, however, it shall not exceed 35 pages without further leave of Court.

2.    Defendants shall file any suggestions in opposition to Plaintiff's motion for certification within thirty (30) days after any such motion is filed - which also may exceed 15 pages without further leave of Court, however, shall not exceed 35 pages without further leave of Court.

3.    Plaintiff's reply, if any, shall be filed within twenty (20) days after Defendants' suggestions in opposition to certification is filed.

4.      Defendants shall file any motion to decertify within 120 days of any such Order of the Court granting collective action certification.

5.      Plaintiffs shall file any suggestions in opposition to Defendants' motion to decertify the class within thirty (30) days after any such motion is filed.

6.      Defendants' reply, if any, shall be filed within twenty (20) days after Plaintiffs' suggestions in opposition to the motion to decertify is filed.

**E.      _PRETRIAL DISCOVERY_:**

1.      All non-expert pretrial discovery shall be completed by **March 28, 2020**. This means that all remaining non-expert discovery disputes must be resolved, enforcement motions filed and all depositions taken prior to **March 28, 2020**.

2.      Expert designations for purposes of trial will be as follows:

a.      Plaintiffs will designate any expert witnesses they intend to utilize for purposes of trial by **April 28, 2020**.  Any reports as required by the Federal Rules of Civil Procedure shall be produced contemporaneously with the designation.  Depositions of Plaintiffs' expert witnesses shall be completed within thirty (30) days of their designation.

b.      Defendants will designate any expert witnesses they intend to utilize for purposes of trial by **May 28, 2020**.  Any reports as required by the Federal Rules of Civil Procedure shall be produced contemporaneously with the designation.  Depositions of Defendant's expert witnesses shall be completed within thirty (30) days of their designation.

c.      Plaintiffs will designate any rebuttal experts by **June 29, 2020**.  Any reports as required by the Federal Rules of Civil Procedure shall be produced contemporaneously with the designation.  Depositions of Plaintiffs' rebuttal expert witnesses shall be completed within thirty (30) days of their designation.

3

**F.** ***DISPOSITIVE MOTIONS***:  All dispositive motions, except those under Rule 12(h)(2) or (3), will be filed by **July 29, 2020**.  This shall include any motions to exclude expert witnesses under *Daubert*.

**G.** ***BASIS FOR DISCOVERY DEADLINES/DISCOVERY PLAN:***  In choosing the dates for completion of discovery referenced above, the parties considered: (A) the need for discovery related to both certification and merits; (B) the parties' intention to serve interrogatories, requests for production and requests for admission and to depose the parties and their representatives, other fact witnesses and expert witnesses; (C) the factual and legal complexity of the certification issues and the parties' multiple claims and defenses, including that multiple parties are involved in this litigation and that complicated issues are present such as whether the defendants jointly employ employees and/or are involved in a joint enterprise; and (D) the parties' and counsel's availability and schedules.

The parties do not anticipate conducting discovery in phases.  Plaintiff reserves the right to request the Court expand the limits on interrogatories and depositions as the case is a presumptive collective action.

The parties anticipate that electronically stored information will be produced by either (1) printing the information to paper, or (2) producing the information on a portable electronic storage device (e.g., CD, flash drive).

**H.** ***PROPOSED SCHEDULING ORDER AS TO TRIAL MATTERS***:  The parties believe this case will be ready for trial on or after **December 1, 2020**.  It is estimated that Plaintiff's individual claims could be tried in no more than 2 days.  If this case is certified as a collective action, a trial could last approximately 5 to 7 days.  Plaintiff has requested a jury trial.

I.	**_PROTECTIVE ORDER_:** The parties anticipate a protective order may be necessary to protect private, confidential and/or proprietary information of the parties, and the parties will attempt to agree on the form of such order if it becomes necessary. At this time, it is not known if any privilege issues exist.

/s/ Matthew A. Clement
Matthew A. Clement  #43833
Kari A. Schulte        #57739
COOK, VETTER, DOERHOFF
  & LANDWEHR, P.C.
231 Madison
Jefferson City, MO  65101
(573) 635-7977
(573) 635-7414 – facsimile
mclement@cvdl.net
kschulte@cvdl.net

and

Ryan J. McDaniels    #63072
Kimberly J.Z. Guthrie #68147
NEWMAN, COMLEY & RUTH P.C.
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO  65102
Telephone:  (573) 634-2266
FAX:  (573) 636-3306
ryan.m@ncrpc.com
guthriek@ncrpc.com

*Attorneys for Plaintiff*

DYSART TAYLOR COTTER
McMONIGLE & MONTEMORE, P.C.


By:   /s/Anne E. Baggot
Anne E. Baggott        MO#59187
4420 Madison Avenue, Suite 200
Kansas City, Missouri  64111
T: (816) 931-2700
F: (816) 931-7377
abaggott@dysarttaylor.com

*Attorney for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served this 26th day of

April, 2019, using the Court's CM/ECR system, upon all counsel of record.



/s/ Matthew A. Clement_____