# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LORI HOPKINS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AEROCARE HOME MEDICAL EQUIPMENT, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-04054-NKL |

## ORDER

Defendants Aerocare Home Medical Equipment, Inc., Aerocare Holdings, Inc. and Aerocare Employee Benefits, Inc. move to dismiss, for failure to state a claim, the complaint by plaintiff Lori Hopkins. For the reasons discussed below, the motion to dismiss is denied.

## I. STANDARD

A plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Federal Rules of Civil Procedure require the dismissal of a complaint that fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

## II. DISCUSSION

Defendants argue that the complaint lacks sufficient facts to make it plausible that Defendants employed Plaintiff pursuant to the applicable statute, the Fair Labor Standards Act.

"[T]he test of employment under the FLSA is one of 'economic reality.'" *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301, 105 S.Ct. 1953 (1985) (citation omitted). "[F]acts describing the 'economic reality" of [plaintiffs'] employment" include "their alleged employers' right to control the nature and quality of their work, the employers' right to hire or fire, or the source of compensation for their work." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015). Other factors considered by courts within the Eighth Circuit include "determination of the rate and method of payment; and . . . maintenance of the plaintiff's employment records." *Arnold v. DirecTV, Inc.*, No. 10-0352AGF, 2011 WL 839636, at **6–7 (E.D. Mo. Mar. 7, 2011) (citing cases).

Plaintiff alleges as follows: "Defendants employ customer service representatives ('CSRs') to coordinate the fulfillment of orders for home-based medical equipment by doing such things as making arrangements with patients, their medical providers, and health insurers when medical equipment is needed at a patient's home." Doc. 1 (Complaint), ¶ 1. "CSRs performed their work for Defendants by using the telephone and by being 'on-line,' requiring that they have access to the internet." *Id.*, ¶ 2. "Defendants required Plaintiff and other similarly situated CSRs to work forty (40) hours a week at their respective AeroCare office location." *Id.*, ¶ 19. "Defendants required its CSRs to work 'on call' at various times outside of normal business hours and/or on weekends." *Id.*, ¶ 3. "While 'on call,' Plaintiff and the other CSRs were required to always have a company issued cell phone and a computer or tablet with internet access with them." *Id.*, ¶ 25. "Defendants refused and failed to accurately record all time worked by Plaintiff," including by "not allow[ing] Plaintiff and other CSRs to clock-in to Defendants' time system to record 'on call' time." *Id.*, ¶ 31. "Defendants refused to pay Plaintiff and other CSRs a wage for their 'on call' time" and "the actual time spent on business activities while 'on call.'" *Id.*, ¶¶ 28-29.

Thus, Plaintiff has alleged that Defendants control the nature and quality of her and other putative class members' work (including by requiring them to have access to a company-issued computer and the internet while on call to "gather[] information from the caller, access[]the internet, log[] into databases, enter[]data, find[] information as needed and plac[e] additional calls to other individuals and entities," Doc. 1, ¶¶ 6, 25), their schedule (including by requiring them to be "on call" for set periods of time in addition to their regular 40-hour work week, *id.*, ¶¶ 19-20), their rate of compensation (including by setting different rates for on-call time and for the regular 40-hour week, *id.*, ¶¶ 22, 24, 28), and their employment records (by preventing CSRs from entering their time for on-call work, *id.*, ¶¶ 24, 31). These allegations are sufficient to suggest an employment relationship. *See Wandrey v. CJ Prof'l Satellites, Inc.*, No. 14-CV-5087, 2014 WL 4425799, at *5 (W.D. Ark. Sept. 9, 2014) (finding that plaintiff had sufficiently alleged employment relationship where, *inter alia*, he "allege[d] that Defendants controlled the time he was required to arrive at work, which jobs he would be assigned each day, the order in which he was required to complete assignments, and whether he could leave assignments until the next day," "Defendants required him to . . . use certain parts, equipment, and tools, some of which Defendants provided," and "Defendants controlled the rate at which he was compensated"); *cf. Ash*, 799 F.3d at 961 (concluding that the sole allegations concerning the employment relationship, that "[d]uring all relevant times [Defendants] were part of an integrated enterprise and, as such, were plaintiffs' employer" and that "[d]uring all relevant times, and upon information and belief, all of these defendants shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control," were conclusory and "insufficient to satisfy the pleading requirements of Rule 12(b)(6)"); *Loyd v. Ace Logistics, LLC*, No. 08-0188-HFS, 2008 WL 5211022, at *4 (W.D. Mo. Dec. 12, 2008) (dismissing claims against two

defendants because one did not "maintain[] [her] employment records" and plaintiff did not allege that either "controlled her work schedule or conditions of employment").

Defendants argue that Plaintiff needed to identify "some direct employer . . . before anyone in the group could be liable on the theory that some or all were responsible" citing a First Circuit case. Doc. 16 (Defendants' Suggestions in Support of Motion to Dismiss for Failure to State a Claim), p. 4 (citation omitted); *see also* Doc. 26 (Defendants' Reply in Support of Motion to Dismiss for Failure to State a Claim), pp. 1-2. However, as Defendants acknowledged in their reply, the Eighth Circuit has held that a plaintiff is "not required to determine conclusively which of the three defendant companies was their employer at the pleadings stage or describe in detail the employer's corporate structure." *Ash*, 799 F.3d at 961. The Eighth Circuit so held because "plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of Defendants." *Id*. In view of this controlling case law, the Court cannot but find that Plaintiffs have sufficiently pleaded an employment relationship to withstand Defendants' Rule 12(b)(6) motion.

## III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss the complaint is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: June 17, 2019
Jefferson City, Missouri